ALFRED G. HILLS *vs.* S. W. PAUL.

Knox.    Opinion January 27, 1917.

*Action for Alienation of Affections.    Rule of practice where motion for new trial is made on ground of newly discovered evidence.*

An action on the case for damages for alienation of the affections of the wife of plaintiff, in which the jury found for plaintiff. The defendant filed a general motion for new trial.

Upon this motion the court is of opinion that it is not warranted in concluding that the jury was not justified upon the evidence in reaching a verdict for plaintiff or that in so doing it was actuated by bias or prejudice, or by sympathy or other improper motive.

Where evidence apparently taken out under R. S., (1903) Chap. 84, Sec. 53, and in support of a motion for new trial upon the ground of newly discovered evidence is presented, but no motion for such new trial is before the Law Court, there is no record upon which the Law Court can act.

It cannot be determined in the absence of the motion whether it was in writing as required by Rule XVII or is verified by affidavit, as required by Rule XVI.

Chapter 103 of the Public Laws of 1913 providing for certification of copies of evidence by official court stenographers, does not render unnecessary the certificate of the presiding Justice upon any case reported to the Law Court.

The certificate of the official court stenographer upon a copy of evidence "a correct transcript of the foregoing evidence" is not a compliance with the requirements of Chap. 103, Public Laws, 1913. The words of the statute or their equivalents must be used.

Action on the case for alienation by defendant of the affections of the plaintiff's wife. Defendant filed a plea of general issue. Verdict for plaintiff in the sum of $2,142.33. Motion for new trial filed by defendant. Motion overruled.

Case stated in opinion.

*Charles T. Smalley,* for plaintiff.

*H. C. Buzzell,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

BIRD, J. An action on the case for damages for alienation of the affections of the wife of the plaintiff. The action was tried at the April (1916) term of the Supreme Judicial Court for the County of Knox and resulted in a verdict for the plaintiff in the sum of $2,142.33. At the same term, the defendant filed the usual general motion for new trial.

A careful reading of the record indicates that the evidence was conflicting, involving the credibility of the witnesses. The case is one especially within the province of the jury and the Court is of the opinion that it is not warranted in concluding that the jury was not justified upon the evidence in reaching its verdict for the plaintiff or that in so doing it was actuated by bias or prejudice, or by sympathy or other improper motive.

Subsequent to the April term, but when does not appear, it may be inferred that defendant made a motion for new trial apparently upon the ground of newly discovered evidence. The motion, however is not found in the printed case or record. Whether or not it was in writing (Rule XVII) and, if so, whether or not it was verified by affidavit, as required by Rule XVI, we have, therefore, no means of knowing. A motion for new trial on the ground of newly discovered evidence offers no exception to the latter rule. *Emmett* v. *Perry*, 100 Maine, 139, 141. The lack of verification is a fatal objection to the motion. Id. Evidence, apparently in support of a motion for new trial upon the ground of newly discovered evidence, was taken out at the term following the trial, but the testimony is not reported by the presiding Justice as required by R. S., (1903), Chap. 84, Sec. 53. Nor is the court of the opinion that a certificate of the presiding Justice reporting the case is rendered unnecessary by Chap. 103 of the Public Laws of 1913. And if it were, the certificate of the official court stenographer,—"A correct transcript of the foregoing testimony"—falls far short of that provided for in Chap. 103, Public Laws, 1913, which requires that the certificate shall state "that the report furnished by him is a correct transcript of his stenographic notes of the testimony and proceedings at the trial of the cause." The words of the statute or their equivalents should be used. This provision for certification of the testimony by the stenographer does

not do away with the necessity for a certificate of the presiding Justice reporting the case to the Law Court. It simply relieves him from certifying to the correctness of the transcript of the evidence.

Considering, however, the evidence submitted as newly discovered, as well as may be done in the absence of a motion, it appears doubtful, if it can be deemed newly discovered, while it indicates a lack of due diligence on the part of defendant.

*Motion overruled.*